FILED

FILED 11/18/2020
07/21/2020 Bowen Greenwood
Commission on Practice SUPREME COURT
of the Supreme Court STATE OF MONTANA
State of Montana Case Number: PR 20-0262

Jennifer Webber
Attorney at Law
124 North 29th St., No. 401
Billings, MT 59101
(406) 281-3113
jennifer@webberpllc.com

Respondent *Pro Se*

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF JENNIFER WEBBER, | ) Supreme Court Case No. PR 20-0262 |
| | ) |
| An Attorney at Law, | ) ODC File Nos. 19-094 and 20-010 |
| | ) |
| Respondent. | ) **CONDITIONAL ADMISSION AND** |
| | ) **AFFIDAVIT OF CONSENT** |
| | ) |

STATE OF ___Montana___ )
                       : ss.
COUNTY OF ___Yellowstone___ )

JENNIFER WEBBER, being first duly sworn upon oath deposes and affirms as follows.

1. I am the respondent. I tender my conditional admission and make this affidavit of consent pursuant to Rule 26, Montana Rules for Lawyer Disciplinary Enforcement (2018), in exchange for the stated forms of discipline.

2. I am a lawyer against whom a formal complaint has been filed alleging ethical misconduct. I am informed and aware of the allegations against me and understand that, if those allegations are proved by clear and convincing evidence, there exist grounds for discipline against me.

*CONDITIONAL ADMISSION AND AFFIDAVIT OF CONSENT* - Page 1

.04

3.      I present this affidavit of consent and my tendered admission to an Adjudicatory Panel of the Commission on Practice in exchange for the form of discipline described below. If the Commission on Practice approves my tendered admission, I acknowledge my tendered admission is subject to acceptance or rejection by the Montana Supreme Court. If my conditional admission is rejected by either the Commission on Practice or the Supreme Court, then I understand my admission shall be deemed withdrawn and cannot be used against me in this or any subsequent proceeding.

4.      My consent to discipline is freely and voluntarily tendered. I am not subject to coercion or duress of any kind. I am fully aware of the implications of submitting my conditional admission and affidavit of consent.

5.      Consistent with the foregoing, I admit all the material facts as alleged in the complaint are true, and no Counts will be dismissed. Specifically, I admit:

A. I was admitted to the practice of law in the State of Montana in 2013, at which time I took the oath required for admission, wherein I agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including, but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

### ODC File No. 19-094 – Weber Matter

B. In relation to ODC File No. 19-094, I admit to the following facts as outlined in Counts 1 through 6 of the Complaint ODC filed in Case No. PR 20-0262:

C. James Weber and his wife ("Webers") retained me in March 2019 to assist in their estate planning. After two meetings discussing their needs, the Webers paid me a

$2,700 retainer and gave me pertinent and necessary information to begin drafting their estate planning documents.

D. I failed to prepare or complete the estate planning documents for the Webers and failed to provide any work product or send them a billing statement. As a result, Webers were forced to hire another lawyer, who prepared their estate planning documents within days and charged $855.

E. My failure to carry out the representation of my clients for which they retained me with reasonable diligence violated Rule 1.3, MRPC.

F. Webers attempted to contact me by phone and email on numerous occasions, but I failed to respond to them until May 4, 2019 after they requested a refund of the unearned portion of the retainer and the return of their original documents.

G. When I spoke with Webers on May 4, 2019, I informed them of my recent health issues and offered to deliver the final draft of their estate planning documents. Webers agreed to meet on the day I suggested and requested I confirm the meeting with them. I failed to respond to Webers' email, failed to meet with them and failed to provide the documents I asserted were complete.

H. Webers and their daughter made several additional attempts to contact me without success. In their last correspondence, they demanded a refund of the unearned retainer and their original documents. I failed to respond.

I. By failing to reasonably communicate with Webers and failing to respond to their inquiries, I violated Rule 1.4, MRPC.

///

///

J. After collecting $2,700 from Webers, I failed to complete the legal services for which I was hired. I further failed to refund all or a portion of the retainer to the Webers at that time, despite their requests.

K. Webers sought and obtained a default judgment against me for return of their full retainer payment and documents, plus costs expended, for a total of $2,805. Since the filing of the Complaint in this matter, I have paid the judgment in full and returned the copies of the essential documents provided to me during our meetings.

L. By collecting an unreasonable fee from Webers and failing to complete legal services for which I was hired to do, I violated Rule 1.5(a), MRPC.

M. My failure to return Webers' original documents and refund the unearned fees violated Rule 1.16(d), MRPC.

N. I failed to provide a written fee agreement or other writing memorializing the fee arrangement, including the scope of representation and basis or rate of the fee, in violation of Rule 1.5(b), MRPC.

O. I informed Webers I was having health problems, which caused the delay and lack of communication. Once I became aware my health issues impaired my ability to represent Webers diligently and to reasonably communicate with them, I was obligated to withdraw from representing them. My inability and failure to do so violated Rule 1.16(a), MRPC.

P. After Webers paid me a $2,700 retainer in March 2019, I did not deposit any of the funds into my IOLTA trust account. My failure to deposit Webers' retainer into my IOLTA trust account and maintain it in the account until it was earned violated Rules 1.15 and 1.18, MRPC.

## ODC File No. 20-010 – Gill Matter

Q. In relation to ODC File No. 20-010, I admit to the following facts as outlined in Counts 7 through 10 of the Complaint ODC filed in Case No. PR 20-0262:

R. In April 2019, Janice and Randy Gill ("Gills") hired me to assist them in seeking guardianship of Randy's mother, L.M.G., and conservatorship over her estate. Our first meeting was on April 8th, 2019, on a Friday afternoon. The Gills paid me $100 cash at their initial meeting for the filing fee and subsequently paid $2,500 by credit card for my retainer. They expressed the matter was urgent due to specific family dynamics; they were already acting as L.M.G.'s primary caregivers.

S. I prepared the documents over the weekend, an on April 11th I filed the necessary paperwork to initiate the guardianship and conservatorship on Gills' behalf, and the Court ordered the appointment of a physician, visitor, attorney, and Gills as temporary co-guardians and co-conservators. The Letters of Guardianship and Conservatorship were obtained on April 12th, 2019. The temporary conservatorship/guardianship would expire October 12, 2019.

T. Over the next six months, Gills attempted to contact me numerous times by phone calls, text messages, and emails. I did not respond to all communications during this time.

U. On September 12, 2019, I filed a motion to extend the temporary guardianship, which the Court granted on September 24th and scheduled a hearing for November 7th. I failed to notify Gills of the hearing.

///

V. Gills were forced to hire and pay a new attorney, Andrew Billstein ("Billstein"), to complete the guardianship/conservatorship matter. Billstein's firm charged Gills $500, plus costs.

W. On October 25, 2019, Billstein attempted to contact me and requested I sign and return the attached notice of substitution of counsel; time was of the essence. I failed to timely respond, and Billstein was forced to seek substitution without my cooperation, causing delay.

X. Billstein successfully completed the guardianship and conservatorship matter after the December 5, 2019 hearing when Gills were appointed full co-guardians and co-conservators.

Y. My failure to act with reasonable diligence or make reasonable efforts to expedite Gills' petition for guardianship/conservatorship consistent with their interests violated Rules 1.3 and 3.2, MRPC.

Z. My failure to keep my clients reasonably informed or to respond to their inquiries about the status of the matter violated Rule 1.4, MRPC.

AA. On April 5, 2019, I collected a $2,500 retainer from Gills but failed to complete the work for which they hired me to do. After Billstein suggested I refund the unearned portion of the retainer and after Gills requested a refund of at least $2,000, I failed at that time to refund any portion of the retainer, despite knowing they were due at least a partial refund. Since the filing of the Complaint in this matter, I have returned the full retainer of $2500 to the Gills.

BB. By collecting a retainer from Gills and failing to complete the services for which they hired me to do, I charged an unreasonable fee in violation Rule 1.5(a), MRPC.

CC. My failure to return property belonging to Gills (a retainer refund of the unearned fees) after my representation was terminated violated Rule 1.16(d), MRPC.

DD. I asserted my health issues affected my ability to complete the legal services for which I was hired and to respond to Gills' and Billstein's attempts to contact me, causing delay.

EE. When it became clear I could not fulfill my duties to Gills, I was obligated to withdraw from representation and refund any unearned fees. My failure to do so violated Rule 1.16(a), MRPC.

FF. After Gills paid me a $2,500 retainer in April 2019, I did not deposit any of the funds into my IOLTA trust account. My failure to deposit Gills' retainer into my IOLTA trust account and maintain it in the account until it was earned violated Rules 1.15 and 1.18, MRPC.

6. I tender my admissions in exchange for the following:

    A. Indefinite Suspension, for a minimum of seven (7) months;

    B. Prior to reinstatement, I shall comply with the following conditions:

        1) Undergo a mental health evaluation by a licensed clinical psychiatrist or psychologist at my own expense and submit the evaluation report to ODC;

        2) Provide releases to allow ODC and my mental health care providers to discuss the reports and findings and my continued treatment progress; and,

        3) Comply with Rules 30 and 32, MRLDE.

C. Upon reinstatement, I shall comply with the following conditions for a period of three (3) years:

1) Comply with all recommended treatment plan(s) of my mental health care providers and continue treatment for mental health issues pursuant to the recommended treatment plan(s);

2) Continue to consult with Mike Larson, Lawyers' Assistance Program (LAP) Coordinator, and file with the ODC Mr. Larson's written recommendations for the means by which I can best address the emotional and mental health issues I had been facing in order to allow me to effectively and ethically return to the practice of law;

3) Continue to meet with Mr. Larson monthly by phone or in person and/or attend a LAP meeting held in the nearest city to me weekly or as often as the meetings take place;

4) Participate in ODC's Mentorship Program and complete the supervised task checklist;

5) Not engage in the solo practice of law without written approval of my mentor, my health care providers and ODC, and upon submitting written, adequate procedures relative to case management and adhering to those procedures; and

6) Obey all laws and Montana Rules of Professional Procedure; any violation of the MRPC or any federal or state law will constitute violation of a Court Order and will result in further discipline.

D. Payment of costs incurred by the Office of Disciplinary Counsel and the Commission on Practice in connection with this matter.

RESPECTFULLY SUBMITTED this 17th day of July, 2020.

Jennifer Webber, Respondent *Pro Se*

SUBSCRIBED AND SWORN TO before me this 17th day of July, 2020.

CHANTAL GAVIN
NOTARY PUBLIC for the
State of Montana
Residing at Billings, Montana
My Commission Expires
May 01, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of July, 2020, I served a copy of the foregoing document on ODC by emailing a copy to Chief Disciplinary Counsel Pamela D. Bucy at pbucy@montanaodc.org.

*[signature]*